UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANALILIA JIMENEZ PEREA, et al., <br> Plaintiffs, <br> v. <br> DIANA DOOLEY, as SECRETARY, CALIFORNIA HEALTH and SERVICES AGENCY, et al., <br> Defendants. | Case No.17-cv-04652-YGR <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** <br><br> Re: Dkt. No. 14 |

This putative class action generally stems from allegations that defendants discriminated against plaintiffs and a proposed class of Medi-Cal participants, in violation of California Government Code section 11135, the Equal Protection Clause and the Substantive Due Process Clause of the California Constitution, and California Code of Civ. Proc. sections 526(a) and 1085. (*See* Dkt. No. 1 at 8, Verified Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief ("Complaint").) The gravamen of plaintiffs' theory is that "low reimbursement rates to physicians and clinicians, and well as [] barriers to access [] deny meaningful health care to the over 13 million people covered by Medi-Cal insurance . . . the majority of them Latinos" in violation of laws which "require[] that Defendants provide Medi-Cal participants with access to medical care equivalent to the access afforded to people with other insurance coverage." (*Id*. ¶ 1.) The case was initially filed in the Superior Court of the State of California, County of Alameda.

Defendants removed the action to federal court on the ground that this Court has original jurisdiction over the case because it arises under 42 U.S.C. §§ 1396(a)(8) and (a)(30)(A) of the Medicaid Act. Specifically, defendants argue that the "gravamen of the Complaint challenges the sufficiency of the State of California's Medicaid reimbursement rates under these federal

Medicaid statutes." (Dkt. No. 1 at 4, Notice of Removal of Action (28 U.S.C. § 1441(a)).) Now before the Court is plaintiffs' motion to remand the case to state court. (Dkt. No. 14.)

Having carefully considered the pleadings and the papers submitted on this motion, and for the reasons set forth below, the Court hereby **GRANTS** plaintiffs' motion and **REMANDS** this action to the State of California, County of Alameda**.**

## I. RELEVANT FACTUAL BACKGROUND

Medicaid is a joint federal-state spending program designed to extend medical coverage to eligible low-income individuals and families. *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 629-30 (2012) (Ginsburg, J., concurring and dissenting); *Harris v. McCrae*, 448 U.S. 297, 308-09 (1980). "Subject to its basic requirements, the Medicaid Act empowers States to 'select dramatically different levels of funding and coverage, alter and experiment with different financing and delivery modes, and opt to cover (or not to cover) a range of particular procedures and therapies. States have leveraged this policy discretion to generate a myriad of dramatically different Medicaid programs over the past several decades.'" *Id.* (quoting Theodore W. Ruger, *Of Icebergs and Glaciers: The Submerged Constitution of American Healthcare*, Law & Contemp. Probs., 215, 232 (2012)). Thus, "any fair appraisal of Medicaid would require acknowledgment of the considerable autonomy States enjoy under the Act." *Id.*

The Federal Centers for Medicare and Medicaid Services ("CMS") is responsible for administering the Medicaid program, which includes approving state plans, amendments, and waivers. *Pharm. Research & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 650 n.3 (2003); *see also* 42 C.F.R. §§ 430.10, 430.15(b). "Before granting approval, [CMS] reviews the State's plan and amendments to determine whether they comply with the statutory and regulatory requirements governing the Medicaid program." *Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 565 U.S. 606, 610 (2012). If a state's plan is not in compliance with minimum federal standards, CMS has the authority to withhold federal funds. 42 C.F.R. §§ 430.15, 430.18, 430.35.

The California Medical Assistance Program ("Medi-Cal") is California's Medicaid program serving approximately "a third of the state, the majority of them Latinos. Medi-Cal covers low-income families, senior, persons with disabilities, children in foster care, and pregnant

2

1 women." (Complaint ¶ 1.)

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are generally construed restrictively, so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). There is typically a "strong presumption" against finding removal jurisdiction. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are generally resolved in favor of remanding the case to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

The Supreme Court has held that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313-14 (2005)).

With respect to the first element which requires a federal issue to be "necessarily raised," a party seeking removal can satisfy its burden where either "[1] federal law creates the cause of action or [2] the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law.'" *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009) (quoting *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 13 (1983). Notably, mere reference to a federal issue does not operate "as a password

3

opening federal courts to any state action embracing a point of federal law." *Grable*, 545 U.S. at 313. Put differently, federal district courts lack jurisdiction unless a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd.*, 463 U.S. at 13; *see also Rains v. Criterion Sys.*, 80 F.3d 339, 345-46 (9th Cir. 1996). Where the underlying federal law is but "one of several predicate violations" to a state-law claim, federal law is not a "necessary element," *see Franchise Tax Bd.*, 463 U.S. at 13, and remand is proper. *See Rains*, 80 F.3d at 346; *see also McCann v. JP Morgan Chase Bank*, 2012 WL 423858, at *4 (N.D. Cal. 2012). Specifically, the Ninth Circuit has held that "[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Id.* at 346-47 (remanding because "even though [plaintiffs'] action is supported by a federal theory, there is no substantial federal question because his claim is also supported by an independent state theory").

**III. DISCUSSION**

Defendants argue that federal jurisdiction exists over plaintiffs' Complaint under the four-part test established by the Supreme Court in *Gunn*. This Court disagrees and finds that defendants' argument fails for three reasons as to the first element because a federal issue is not "necessarily raised." *See Gunn*, 568 U.S. at 258.

First, plaintiffs plead only state law claims. Generally, a "suit arises under the law that creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Plaintiffs' claims all arise under California law, namely Government Code section 11135, the California constitution, and California's Code of Civil Procedure. (*See* Complaint ¶¶ 113-53.) No federal claim is pled. Thus, to prevail on these claims, plaintiffs need only prove that the defendants violated state law.

Second, notwithstanding the foregoing, defendants have not shown that "plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law." *Armstrong*, 576 F.3d at 955. Defendants rely on references in the Complaint to the objectives of the federal Medicaid Act in arguing that they have established this ground for federal jurisdiction. Plaintiffs

4

cite to the federal Medicaid Act as one basis for establishing a predicate violation of the regulations implementing California Government Code section 11135, which prohibit the state from "subjecting a person to discrimination on the basis of ethnic group identification . . . [or] defeating or substantially impairing the accomplishment of the objectives of [a state-supported program] with respect to a person of a particular ethnic group identification." (Complaint ¶ 116 (quoting 2 Cal. Code Regs. § 11154(i).) Specifically, the Complaint states that the "federal Medicaid Act provides that Medi-Cal reimbursement rates must be 'adequate to enlist providers for the level of care and services . . . available to the general population' and that medical care must 'be provided with reasonable promptness to all eligible individuals.'" (Complaint ¶ 3 (quoting 42 U.S.C. §§ 1396a(a)(8), (30)(A)).) Defendants also focus on plaintiffs' allegation that the failure of Medi-Cal "to provide access to health care comparable to the access afforded to Californians covered by other insurance" defeats and substantially impairs the objectives of the federal Medicaid Act. (Complaint ¶¶ 4, 120.)

Defendants' argument ignores the fact that plaintiffs also rely on two California statutes as alternative predicate violations which set forth objectives substantially similar to those federal Medcaid Act, namely the Medi-Cal statute and Knox-Keene Health Care Service Plan Act of 1975 (the "Knox-Keene Act"). (*See* Complaint ¶¶ 3, 100-02, 118-19 (citing Cal. Welf. & Inst. Code § 14000(a) (Medi-Cal is intended to allow "eligible persons to secure health care in the same manner employed by the public generally, and without discrimination or segregation based purely on their economic disability."); Cal. Health & Safety Code §§ 1340-1399.864 (noting that a "key objective of Knox-Keene and its implementing regulations is '[e]nsuring that subscribers and enrollees receive available and accessible health and medical services rendered in a manner providing continuity of care'").) Accordingly, the Court finds that plaintiffs' theory "can be proven without resort to federal law, [and] no substantial federal question is raised." *McCann*, 2012 WL 423858, at \*4; *Rains*, 80 F.3d at 344. The first element of the *Gunn* test is not satisfied under this theory because plaintiffs' entitlement to relief "could be determined without reference to federal law if plaintiff were to prove a violation based on the other alternative grounds offered," namely the Knox-Keene Act or Medi-Cal Act. *McCann*, 2012 WL 423858, at \*4; *see also Rains*,

80 F.3d at 344. "[E]ven though [plaintiffs'] action is supported by a federal theory, there is no substantial federal question because [their] claim is also supported by an independent state theory." *See Rains*, 80 F.3d at 346-47.

Finally, defendants further argue that a federal issue is necessarily raised because plaintiffs seek injunctive relief which requires California to increase the rate at which Medi-Cal reimburses healthcare providers. Specifically, defendants highlight that reimbursement rates must be approved by the Secretary of Health and Human Services, and federal approvals of state Medicaid plan amendments "have the force of law." *Managed Pharmacy Care v. Sebelius,* 716 F.3d 1235, 1248 (9th Cir. 2013). However, the mere fact that changes to Medi-Cal reimbursement rates require federal approval foes not mean that a federal issue is "necessarily raised" nor have defendants provided any authority to support that proposition.[1] "'The valid exercise of federal question jurisdiction . . . depends[s] on the substantive claims raised,' not on any remedy requested." *Palantir Techs. Inc. v. Abramowitz*, 2017 WL 926467, at *5 (N.D. Cal. 2017) (quoting *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 834 (9th Cir. 2004)); *see also California Med. Ass'n v. Shewry*, 2008 WL 11338088, at *6 (C.D. Cal. 2008) (fact that the "remedy sought by [plaintiffs] implicates . . . the federal government's substantial financial interest in the Medical Program . . . [is] immaterial to the question of whether this Court has subject matter jurisdiction").

Further, defendants ignore the fact that California has principal authority for setting reimbursement rates. *See* Cal. Welf. & Inst. Code §14105-14105.05, 14301(a) (fee-for-service and managed care delivery systems); 22 Cal. Code Regs. § 51503 (physician services). As Justice Ginsberg stated in *Nat'l Fed'n of Indep. Bus*, "any fair appraisal of Medicaid would require acknowledgment of the considerable autonomy States enjoy under the Act." *Id*. For example, California could fund increased reimbursement rates from state coffers rather than federal funds. Unlike *Gunn*, where "resolution of a federal patent question" was central to plaintiffs' legal

---

[1] Defendants also point out that CMS reviews amendments to state plans to determine whether such amendments comply with the minimum statutory and regulatory requirements governing the federal Medicaid program. *See Douglas*, 565 U.S. at 610. However, defendants fail to articulate how increasing Medi-Cal reimbursement rates could run afoul of such requirements.

malpractice claim, no federal question need be resolved to determine whether plaintiffs here are entitled to relief under state law. *See Gunn*, 568 U.S. at 259.[2]

**IV. CONCLUSION**

Having carefully considered the papers submitted, the record in this case, and good cause shown, the Court hereby **GRANTS** plaintiffs' motion and **REMANDS** this action to the Superior Court of the State of California, County of Alameda

This terminates Dkt. No. 14.

**IT IS SO ORDERED.**

Dated: October 18, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[2] The complaint alleges that California's Medi-Cal reimbursement rates currently rank 48 out of 50 Medicaid Programs. (*See* Complaint ¶ 5.)

7